UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS | § § | CRIMINAL NO. 4:16-cr-550-S |
| HASAN RAHMAN | § § § § | |

## PLEA AGREEMENT

The United States of America, by and through, Abe Martinez, Acting United States Attorney for the Southern District of Texas, Craig M. Feazel and S. Mark McIntyre, Assistant United States Attorneys, and William A. Hall, Jr., Senior Counsel, U.S. Department of Justice, along with the defendant, Hasan Rahman, and defendant's counsel Donald J. DeGabrielle, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### TERMS OF THE AGREEMENT

1. The defendant agrees to plead guilty to Count One (Intentional Damage to a Protected Computer – 18 U.S.C. § 1030(a)(5)(A)) of the Superseding Indictment (hereinafter "Indictment") in this case, and to persist with that plea.

2. In exchange for the defendant's plea of guilty to Count 1 (18 U.S.C. § 1030(a)(5)(A)) of the Indictment, the United States agrees to recommend that the Court impose a twelve-month sentence, no fine, a supervised release term of three years, a special assessment of $100, and restitution in the amount of $10,000.00. The United States agrees to recommend that the twelve-month sentence should be served through six months in the custody of the Bureau of Prisons, followed by six months of home confinement. Additionally, after the plea of guilty and subsequent order of sentence, the Government will dismiss the remaining count (Count 2 –

Retaining Embezzled/Stolen Government Property, 18 U.S.C. § 641) in the Superseding Indictment.

3. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States agrees that the specific terms of this Agreement outlines the appropriate disposition of this case. This recommendation will bind the Court once the Court accepts this Agreement. The defendant understands that if the Court refuses to accept any provision of this Agreement, neither party shall be bound by the provisions of the Agreement, and either party may withdraw from this Agreement in that event.

## PENALTY

4. The penalty for violating Title 18 U.S.C. § 1030(a)(5)(A) – Intentional Damage to a Protected Computer (Count 1), is up to ten years' imprisonment, up to a $250,000.00 fine, and a $100.00 special assessment.

## WAIVERS

5. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Should the Court impose the sentence proposed herein, the defendant agrees that he will waive the right to appeal the plea, conviction and sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742. This Agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

6. The defendant is also aware that the United States Constitution and the laws of the United States, including Title 28, United States Code, Section 2255, afford the defendant the right to contest or "collaterally attack" the conviction or sentence after the conviction has become final. Knowing that, the defendant knowingly waives the right to contest or "collaterally

attack" the defendant's plea, conviction and sentence by means of any post-conviction proceeding.

## RIGHTS AT TRIAL

7. The defendant represents to the Court that defendant is satisfied that the defendant's attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, the defendant surrenders certain rights as provided in this Agreement. Defendant understands that the rights of defendants include the following:

   a. If the defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the Court all agree.

   b. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

8. The defendant understands that nothing in this Agreement will restrict access by the United States Probation Office or the Court to information and records in the possession of the United States or any of its investigative law enforcement agencies, including State and local law enforcement agencies, as well as information, documents and records obtained from the defendant.

## BREACH OF THE PLEA AGREEMENT

9. If the defendant should fail in any way to fulfill completely all of the obligations under this Agreement, the United States will be released from its obligations under the Agreement, and Defendant's plea will stand.

10. Whether the defendant has breached any provision of this plea agreement shall be determined by the United States.

## FACTUAL BASIS

11. Hasan RAHMAN was an employee of Lockheed Martin Corporation contracted to work at the National Aeronautics and Space Administration's (NASA) Johnson Space Center (JSC) in Houston, Texas, as a Systems Engineer and System Administrator for the Telescience Center (TSC), Human Health and Performance Directorate. RAHMAN's duties included the creation and maintenance of servers, databases, and supporting systems to store and process data related to scientific experiments conducted by astronauts aboard the International Space Station (ISS).

12. RAHMAN's employment was terminated by Lockheed Martin Corporation as a result of a reduction in force on the company's NASA contract on April 10, 2014.

13. On or about May 22, 2014, two protected NASA databases were damaged. These databases existed on the TSC's computer network to provide sensitive information to personnel who were conducting research on data obtained during experiments aboard the ISS. Specifically, commands were executed that deleted database-related directories on two separate servers physically located at JSC. The command that damaged the database-related directory on one of the two servers was associated with a login from password-protected service account "sv-tsc."

14. TSC network logs show that on May 22, 2014, a computer assigned external Internet Protocol (IP) address 108.90.9.231 was logged-into account "sv-tsc" through TSC's virtual private network during at least some of the time the ISS-related database directories were deleted.

15. Records from AT&T Internet Services revealed that on May 22, 2014, IP address 108.90.9.231 was associated with Hasan RAHMAN at physical address 401 Meadow Trail Lane, Friendswood, Texas 77546.

16. In addition to the activity on May 22, 2014, TSC network logs also show that external IP addresses associated with RAHMAN's home logged onto the TSC network using the "sv-tsc" account 22 times on nine (9) different dates between April 13, 2014, and May 22, 2014. During those sessions, the user of the "sv-tsc" account moved within the network and accessed 17 other TSC servers, including logging onto a server using user account "hrahman" three separate times on April 30, 2014, while still logged-into to the "sv-tsc" account.

17. On July 9, 2014, NASA Office of Inspector General agents executed a search warrant on RAHMAN's residence at 401 Meadow Trail Lane, Friendswood, Texas 77546. The search resulted in the identification and seizure of numerous digital and data storage devices, including RAHMAN's two primary personal laptop computers.

18. During the search, agents performed a voluntary, non-custodial interview of RAHMAN. RAHMAN admitted that while at home after being laid off on April 10, 2014, he knowingly attempted to access the TSC network without NASA's authorization using his own user account ("hrahman") to see if NASA had suspended the account per NASA security protocol. The login attempt was unsuccessful.

19. Forensic examination of RAHMAN's two personal laptop computers seized during the search warrant on July 9, 2014, showed that RAHMAN was the primary user of the laptops. His user accounts on the laptops were password-protected. One laptop (hereinafter Laptop 1) had been assigned the same internal (private) IP addresses that had been recorded in TSC network logs as logging into TSC's virtual private network using the "sv-tsc" account on numerous occasions between April 10 and May 22, 2014. Laptop 1 contained hundreds of NASA files that referenced TSC website development (including PowerPoint presentations, Microsoft Word documents, and network diagnostics), which appeared to have been created on the system at a time when unauthorized logins to the TSC network originating from RAHMAN's external IP address occurred.

20. The other laptop (hereinafter Laptop 2) contained a large volume of NASA data (75+ gigabytes), including several image files that were entire, wholesale copies of TSC virtual servers, some of which were presumptively first made while RAHMAN worked at NASA, which would have allowed RAHMAN to run the servers in his own virtual environment and access all of the data contained thereon. A portion of the NASA data files located on Laptop 2 were created on that system well after RAHMAN's employment with Lockheed Martin and his access to NASA projects was terminated (April 10, 2014).

21. The damage to the ISS-related databases on May 22, 2014, caused the databases (and their underlying data) to be unavailable for an unnecessary period of time, resulting in a loss of productivity and requiring wasted man-hours of mitigation and remediation work. NASA incurred at least $10,000.00 in loss related to the damage to the ISS-related databases on May 22, 2014.

## VOLUNTARINESS OF DEFENDANT'S PLEA

22. This written Agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this Agreement. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty. Any modification of this Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Executed on this the __20__ day of NOVEMBER, 2017.

_____
HASAN RAHMAN - DEFENDANT

SUBSCRIBED AND SWORN TO BEFORE ME on this __20th__ day of NOVEMBER, 2017.

DAVID J. BRADLEY, Clerk

By: _____
Deputy Clerk

APPROVED:
ABE MARTINEZ
ACTING UNITED STATES ATTORNEY

_____
S. MARK MCINTYRE
CRAIG M. FEAZEL
ASSISTANT UNITED STATES ATTORNEYS

_/s/ William A. Hall, Jr._
WILLIAM A. HALL, JR.
SENIOR COUNSEL
COMPUTER CRIME AND INTELLECTUAL PROPERTY SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS | § § | CRIMINAL NO. 4:16-cr-550-S |
| HASAN RAHMAN | § § § § | |

I, Donald J. DeGabrielle, attorney for the defendant have explained to the Defendant Hasan Rahman his rights with respect to the pending Indictment and Plea Agreement. I have informed the Defendant that the <u>Sentencing Guidelines and Policy Statement</u> have been deemed as "advisory" to the court pursuant to <u>Booker</u>. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the Defendant the provisions of those guidelines which may apply in the case. I have carefully reviewed every part of the Agreement with the Defendant. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one, made under sound mind and free of duress.

_____        __11/20/17__
Donald J. DeGabrielle                            Date
Counsel for the Defendant,
Hasan Rahman

9